Clerk of the Court

US District Court

500 Pearl Street

New York, New York 10007

December 12, 2024

Re: Case no. 23-Mag-3637

Dear Sir/Madam:

With respect to the above-mentioned case number I have enclosed a motion seeking a two-level reduction in sentence pursuant to 18 USC 3582(c)(2) and Amendment 821 which took effect on February 1, 2024. Please not that I am proceeding pro se and in forma pauperis.

I appreciate your consideration and await your reply.

Sincerely,

Jimmy Solano Arias

**MEMO ENDORSED:** The application is denied. Amendment 821 went into effect on November 1, 2023, and was thus already in effect at the time of the Defendant's September 13, 2024 sentencing. (See Judgment (Dkt. No. 58)) Furthermore, under U.S.S.G. § 4C1.1, a defendant is not eligible for a zero-point offender reduction if he received a vulnerable victim adjustment under U.S.S.G. § 3A1.1 at sentencing. See U.S.S.G. § 4C1.1(a)(9). Here, the Defendant – who was a security guard at 26 Federal Plaza – received a two-level Section 3A1.1 adjustment because he sexually abused a vulnerable victim – a Spanish-speaking immigrant who was at 26 Federal Plaza seeking asylum. (PSR (Dkt. No. 59) ¶ 28) The Defendant was also not eligible for a zero-point offender reduction under U.S.S.G. § 4C1.1 because his criminal conduct is covered by U.S.S.G. § 2H1.1. See U.S.S.G. § 4C1.1(a)(8). The Defendant stipulated that he engaged in a sexual act with the victim without the victim's consent, and that this conduct meets the elements of 18 U.S.C. § 242, which addresses deprivation of rights under color of law. (PSR (Dkt. No. 59) ¶ 25) For purposes of sentencing, the Defendant's criminal conduct was treated as an additional count of conviction under U.S.S.G. § 1B1.2(c), and the Guidelines provision applicable to that conduct was U.S.S.G. § 2H1.1 (Offenses Involving Individual Rights). (PSR (Dkt. No. 59) ¶ 32) Therefore, the Defendant is not eligible for a reduction in sentence as a result of Amendment 821.

SO ORDERED.

Paul G. Gardephe
United States District Judge
Dated: January 8, 2025

The United States District Court
For The Southern District Of New York

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Jimmy Solano Arias<br>Defendant | Case # 23-Mag-3637 |

Motion Seeking A Two-Level
Reduction Of Sentence Pursuant To
18 USC 3582(c)(2) And Amendment 821

Now comes the Defendant, Jimmy Solano Arias, pro se and in forma pauperis, with a motion seeking a two-level reduction in sentence pursuant to 18 USC 3582(c)(2) and Amendment 821 (effective 2/1/24). Additionally, he is asking the Court to appoint legal counsel.

The Defendant was sentenced to a term of sixty months of incarceration on September 13, 2024 by the United States District Court for the Southern District of New York. He was charged and convicted of 18 USC 1001(a)(2), making false statements to FBI. While incarcerated the Defendant has made an effort to improve himself by completing his GED, working as an orderly, and he is programming. See Exhibit 2. The Defendant has no disciplinary history and he is classified as a low risk of recidivism by the Bureau of Prisons, the people in the best position to make that determination. See Exhibit 2a.

LEGAL STANDARD

A federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 US 817, 819, 130 S Ct 2683, 177 L Ed 2d 271 (2010)(quoting 18 USC 3582(c)). "Congress has provided an exception to that rule" in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Id. (quoting 18 USC 3582(c)(2):

"In the case of the defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment after considering the factors set forth in 18 USC Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." See Dillon.

ARGUMENT

The 2023 version of the United States Sentencing Guidelines took effect on November 1, 2023. Now that the Sentencing Commission has finally regained a voting quorum for the first time since 2018, there are substantial changes to the newest version of the Guidelines Manual. Some of the most notable changes include the retroactive Amendment 821, which affects how criminal history points are calculated, and whether a departure for "zero-point offenders" is applicable. The 2023 Guidelines also make substantial changes to the eligibility requirements for seeking a reduction in sentence commonly referred to as "compassionate release." Amendment 821 and the compassionate release amendments have garnered much attention recently, but the Guidelines include other amendments that have not been the topic of much discussion. In August 2023, the Sentencing Commission voted to make Parts A and B of Amendment 821 retroactive. The Commission has estimated that retroactive application of Amendment 821 will affect over 18,000 federal inmates. Defendants can seek retroactive relief by filing a motion pursuant to 18 USC 3582(c)(2) if they meet the qualifications for each amendment.

Part A of Amendment 821 changes the way criminal history points are scored under the former USSG 4A1.1. Prior to the amendment, a defendant received two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG 4A1.1(d) (2021). Part A of Amendment 821 alters the former 4A1.1(d) by added new language to 4A1.1(e):

"Add 1 point if the defendant (1) receives 7 or more points under subsection (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Accordinly, defendants will no longer receive any points for being under a criminal justice sentence unless they already have at least 7 criminal history points.

In terms of retroactivity, if a criminal defendant previously received 2 criminal history points under the old 4A1.1(d), they may no be eligible for a one-to-two point reduction in their criminal history score. A defendant with less than 7 points, not including the 2 points under 4A1.1(d), would now receive zero points. If the defendant had 7 or more points, they would still receive a one-point reduction to their criminal history score. How does a one-to-two point reduction in criminal history score lower a sentence? Depending on the defendant's criminal history score, a reduction could lower their Criminal History Category and yield a lower guideline sentencing range. For example, a defendant with 5 criminal history points is placed in Criminal History Category III. If the defendant's total offense level was 28, their guideline range would be 97-121 months imprisonment. But if Part A applied and they receive 2 points off their criminal history score, that would lower their Criminal History Category to II and the corresponding range to 87 to 108 months.

In determining whether a reduction is consistent with USSG §1B1.10, the court first calculates "by what amount" a prisoner's sentence "may be reduced". 28 USC § 994(u), see Dillion v. United States, 560 US 817, 560 US 817, 826-27, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In doing so, it identifies the

amended guidelines reange and it substitutes this guidelines range for the original guidelines range. Dillon, 560 US at 827, USSG 1B1.10(b)(1).

If a reduction is consistent with USSG 1B1.10, the court must then shift its attention to any applicable factors under 18 USC 3553(a). Thus, this court may consider the Petitioner's post-sentencing conduct in determining whether he is entitled to a reduction under 3582(c)(2), see USSG 1B1.10 cmn n.1b(iii) providing that courts "may consider post-sentence conduct of the defendant." See Pepper v. United States, 562 US 476 (2011).

At the second step of the inquiry, the court must then consider any applicable favtors set forth in 3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several courts shall consider "in determining an appropriate sentence, including the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC 3553(a)(1), see also Dillon, 560 US at footnote 2. With the discretion outlined by the Supreme Court and subsequent Sixth Circuit decisions, this Court strictly follows Dillon's two step analysis and reviews each motion on a case-by-case basis.

A court has "the discretion to grant downward departures." Thus, a court may consider the Petitioner's post-sentencing conduct in determining whether

he is entitled to a reduction under 3582(c)(2). See USSG 1B1.10 cmt n.1(b)(iii) (Providing that courts "may consider post-sentencing conduct of the defendant"). See Pepper v United States, 562 US 476 (2011). Also see Concepcion v United States, 597 US (S Ct 6/27/2022). In the case at hand, this court should echo these rulings.

The Defendant in the instant case has zero criminal history points, no history of violence, and as such is considered to be a Catagory I. The Statute calls for a sentencing range of zero to no more than a maximum of 60 months, his sentence of sixty months falls right at the topend of that range. His offense level was twenty-four, calling for a sentence of fifty-one to sixty-three months. The Defendant holds that his true offense level is twenty-two, calling for a sentence between fourty-one and fifty-one months, and given his lack of criminal history he should be at the low end of that range. Therefore he asks the court to GRANT his reduction in sentence to a more appropriate level.

PROHIBITED OFFENSES

On August 25, 2023, the USSC, in a 4 to 3 vote, allowed for delayed retroactive application of Amendment 821 relating to criminal history, meaning that certain currently incarcerated individuals could be eligible for reduced sentences made effective beginning on February 1, 2024. Amendment 821 creates a new Chapter Two and Three for defendants who did receive any criminal history points under Chapter Four, Part A, and whose instance offense did not involve specific aggravated factors. In short, for many white collar crimes and lower level drug offenses, it could mean months to years off a sentence.

Given the fact that the USSC voted to make criminal history amendments retroactive, the Defendant believes he is entitled to a two-level reduction making it an extraordinary and compelling reason for a sentence reduction. These factors include:

1) He had no adjustment under USSG 3A1.3 (Terrorism)

2) Did not use violence or credible threats of violence in connection with the offenses.

3) The offense did not result in death or serious bodily injury.

4) The offense is not sex related.

5) The Defendant did not personally cause substantial financial hardship.

6) No gun was involved in connection with the offense.

7) The offense did not involve individual rights under USSG 2 H1.1.

8) The offense had no adjustment under USSG 3A1.1 for a hate crime or vulnerable victim of USSG 3A1.5 for serious human rights offense, and

9) The offense had no adjustment under USSG 3B1.1 for role in the offense and was not engaged in 21 USC 848, continuing criminal enterprise.

TheDefendant is not subject to any of these exemptions, and taking away the two levels will lower his criminal history category. That in turn reduces the Guidelines Range and will lead to a lower sentence.

REQUEST FOR APPOINTMENT OF COUNSEL

In any situation where new laws stemming from prior laws and new evidence or facts have to be marshaled and new arguments have to be made in aid of the court's sentencing decision, the Sixth Amendment requires the assistance of counsel, see Mempa v. Rhay, 389 US 128 (1967). In Mempa, the Supreme Court held that the right to counsel attaches to any stage of criminal proceeding where substantial rights of the defendant may be affected, including hearings. To the extent such recommendations are influential in determining the resulting sentence, the necessity for aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances, and in general aiding and assisting the Petitioner to present his case is apparent. District Courts have discretion to decide whether to appoint counsel at any stage of the proceedings pursuant to the Criminal Justice Act, Title 18 USC §§ 3006A(a)(1) and (c), also other statutes.

On April 27, 2023, the Commission submitted to the Congress amendments to the sentencing guidelines, policy statements official commentary, and statutory index, which became effective November 1, 2023. Parts A and B Subpart 1 of Amendment 821 (Amendment 8 of the amendments submitted to Congress on April 27, 2023) pertaining to criminal history, have the effect of lowering guideline ranges for certain defendants. The Commission has now promulgated an amendment to include Parts A and B, Subpart 1 of Amendment 821 in the listing in §1B1.10(d) as an amendment also provides a special instruction requiring that any order granting sentence reductions based on Part A or Part B, Subpart 1 of Amendment 821 shall not take effect until February 1, 2024, or later, and includes commentary explaining and clarifying this special instruction.

Defense counsel is necessary to aid in arguing Petitioner claims and also calculating the revised guideline range and marshaling the facts and evidence that pertain to these arguments and the applicable §3553(a) factors. Counsel is needed to defend against any of the government allegations that hinder Petitioner's ability to gain relief on these areguements presented in his motion for a two-level reduction.

The appointment of counsel is needed to assist the Petitioner in presenting his motion to this court, to properly marshal new fact-based arguments to utilize the United States Sentencing Commission's recent significant changes to the guidelines regarding retroactive application of Part A and B, Subpart 1 of Amendment 821 (Amendment B of the amendments submitted to Congress on April 27, 2023, pertaining to criminal history). Thus, the effective data of this amendment is November 1, 2023. Potential losses of legal rights and prejudice take on increased significance when Petitioner's legal arguments are not heard by this Honorable Court or counsel isn't appointed to represent Petitioner to present those issues to this Court for correction. Since the government cannot negotiate directly with a defendant, appointment of counsel is warranted in the Petitioner's case. See Italkbert v. Michigan, 545 US 605, 623 ("No one questions that the appointment of counsel at state or government expense would be more efficient and helpful not only to defendants, but also to the courts.").

Indigent defendants seeking relief may petition the court to appoint counsel to represent them. Courts may exercise their broad discretion to appoint counsel when the defendant presents a non-frivolous claim and if the appointment of counsel will benefit the defendant and the court. Many circuits require a

finding by the court that the defendant's claim is plausible. In determining the propriety of appointing counsel, circuit courts consider whether there are special circumstances that merit appointment, such as the legal and factual issues involved.

The Petitioner was initially sentenced to 60 months and is considered to be FSA eligible due to a detainer. This of course is false, detainers do not make you ineligible. For purposes of this motion he has zero criminal history points and no disciplinary history in the BOP. See Exhibit 2. Given everything that has been stated, he believes he is entitled to a reduction in sentence.

December 12, 2024

Submitted by:

Jimmy Solano Arias

Exhibit 2



## Individualized Needs Plan - Initial Classification (Inmate Copy)

SEQUENCE: 02401302
Dept. of Justice / Federal Bureau of Prisons
Team Date: 11-27-2024
Plan is for inmate: SOLANO-ARIAS, JIMMY 57865-510

Facility: LOR LORETTO FCI
Name: SOLANO-ARIAS, JIMMY
Register No.: 57865-510
Age: 45
Date of Birth: 08-15-1979

Proj. Rel. Date: 02-14-2029
Proj. Rel. Mthd: GOOD CONDUCT TIME
DNA Status: LOR04303 / 11-14-2024

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Inmate Photo ID Status**

No photo ID - Expiration: null

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOR | A&O | A&O UNASSIGNED | 11-20-2024 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOR | ESL HAS | ENGLISH PROFICIENT | 11-14-2024 |
| LOR | GED HAS | COMPLETED GED OR HS DIPLOMA | 11-14-2024 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|

*NO COURSES*

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 11-15-2024 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-20-2024 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 11-15-2024 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 11-13-2024 |
| ED WAIT HX | DRUG EDUCATION WAIT-RQ HIST | 11-26-2024 |

**FRP Payment Plan**

Most Recent Payment Plan

**FRP Assignment:** **PART** **FINANC RESP-PARTICIPATES** **Start: 11-27-2024**

Inmate Decision: **AGREED** **$25.00** Frequency: **QUARTERLY**

Payments past 6 months: **$0.00** Obligation Balance: **$100.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $100.00 | IMMEDIATE | AGREED |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**FRP Deposits**

Trust Fund Deposits - Past 6 months: $200.00 Payments commensurate ? N/A

New Payment Plan: ** No data **

**Current FSA Assignments**



## Individualized Needs Plan - Initial Classification (Inmate Copy)

SEQUENCE: 02401302

Dept. of Justice / Federal Bureau of Prisons

Team Date: 11-27-2024

Plan is for inmate: SOLANO-ARIAS, JIMMY 57865-510

| Assignment | Description | Start |
|---|---|---|
| AWARD | EBRR INCENTIVE AWARD | 11-26-2024 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 11-26-2024 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 11-26-2024 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 11-26-2024 |
| N-COGNTV Y | NEED - COGNITIONS YES | 11-26-2024 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 11-19-2024 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 11-18-2024 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 11-26-2024 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 11-16-2024 |
| N-WORK N | NEED - WORK NO | 11-14-2024 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 11-26-2024 |

### Progress since last review

Inmate Solano-Arias arrived at FCI Loretto on November 13, 2024, to begin his federal sentence (Voluntary Surrender). His National six-month deposit was $200.00.

Inmate Solano-Arias was born in Santo Domingo, Dominican Republic. According to the Presentence Investigation Report, he is a Naturalized U.S. Citizen.

### Next Program Review Goals

Inmate Solano-Arias is currently on the waiting list for Money Smart as of 11-18-2024. Unit Team recommends completing this program as soon as it becomes available.

Unit Team recommends enrolling in Antisocial Peers, Cognitions, and Money Smart Programs by 12-2025.

### Long Term Goals

Inmate Solano-Arias currently owes $100.00 towards his felony assessment fee. He signed a financial contract to start contributing $25.00 per quarter towards this obligation. Be sure to have funds available in account when payment is due in December 2024.

Inmate Solano-Arias will be considered/reviewed for up to 12 months residential reentry center placement Good Conduct Time Release: 02-14-2029.

### RRC/HC Placement

No.
Management decision - Will be considered/reviewed for up to 12 months RRC Placement via the Second Chance Act in conjunction with the First Step Act..

### Comments

Sentencing District: Southern District of New York
Relocation: NA
Emergency contact information was reviewed.
First Step Act Review Complete - Low - Eligible

Exhibit 3

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

**Register Number:57865-510, Last Name:SOLANO-ARIAS**

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Register Number: 57865-510
Inmate Name
Last.........: SOLANO-ARIAS
First........: JIMMY
Middle.......:
Suffix.......:
Gender.........: MALE

Risk Level Inmate....: R-LW
General Level......: R-LW (8)
Violent Level......: R-MIN (3)
Security Level Inmate: LOW
Security Level Facl..: LOW
Responsible Facility.: LOR
Start Incarceration..: 11/13/2024

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 45 | 14 | 8 |
| Walsh w/Conviction | TRUE | 2 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 0 | 0 | 0 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 0 | 0 | 0 |
| Work Programs | 0 | 0 | 0 |
| | Total | 8 | 3 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
No Data

---

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
No Data



⇔57865-510⇔
Jimmy Solano Arias
Federal Correction Ins
PO BOX 1000
Cresson, PA 16630
United States
USA FOREVER
USDC SDNY
RECEIVED
CLERK'S OFFICE
S.D.N.Y.
Solano
Criminal Docketing
⇔57865-510⇔
Clerk Of The Court
U.S. District Court
500 Pearl ST
NEW YORK, NY 1000
United States
RECEIVED
JAN - 7 2025
CLERK'S OFFICE
S.D.N.Y.