UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY SOLANO ARIAS,

                Movant,

      - against –

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

23 Cr. 275 (PGG)
25 Civ. 7830 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On April 10, 2024, Petitioner Jimmy Solano-Arias pled guilty before a magistrate judge to a Superseding Information charging him with making a materially false statement to FBI Special Agents, in violation of 18 U.S.C. § 1001(a)(2). (See Superseding Information (Dkt. No. 37); April 10, 2024 Min. Entry; Consent to Proceed Before Magistrate (Dkt. No. 39))[1] This Court accepted the Defendant's guilty plea on May 9, 2024. (May 9, 2024 Order (Dkt. No. 41))

On September 13, 2024, this Court sentenced Solano-Arias to five years' imprisonment and three years' supervised release. (Sept. 13, 2024 Min. Entry; Sentencing Tr. (Dkt. No. 61) at 40; Judgment (Dkt. No. 58)) Solano-Arias is now incarcerated at FMC Devens. (2255 Mo. (Dkt. No. 66) at 1)

On September 18, 2025, Solano-Arias moved pro se for relief from his conviction pursuant to 28 U.S.C. § 2255, claiming that, inter alia, his former lawyer provided ineffective assistance by "promis[ing] . . . that [he] would only be sentenced to six months-to [sic] one year

---

[1] The docket numbers correspond to the Solano-Arias, 23 Crim. 275 (PGG) docket. The page numbers referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

if [he] pled guilty," but "not explain[ing] to [him] that the judge could give a higher sentence" and that he "would not have the right to appeal the sentence." (Id. at 15-16)

In a September 23, 2025 order, this Court informed Solano-Arias that, because he "has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel . . . the Court, after reviewing the motion papers, has concluded that the testimony of Defendant's former counsel ("Counsel") will be necessary in order to address Defendant's motion." (Sept. 23, 2025 Order (Dkt. No. 67) at 1)  This Court further explained that (1) "by making the motion, the Defendant has waived the attorney-client privilege as a matter of law," but that (2) "absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege." (Id.)

Accordingly, in the September 23, 2025 order, this Court directed Solano-Arias to "execute and return to this Court within 45 days from today's date the accompanying 'Attorney-Client Privilege Waiver (Informed Consent)' form." (Id. at 2)  This Court warned Solano-Arias that if the executed Attorney-Client Privilege Waiver "is not received by the court within 45 days from today's date, the court will deny Defendant's Section 2255 motion, on the ground that he has not authorized the disclosure of the information needed to permit the Government to respond to the motion." (Id.)

On September 23, 2025, the Clerk of Court mailed this Court's September 23, 2025 order to Solano-Arias at the address provided in his motion. (September 23, 2025 Min. Entry)

On January 12, 2026, this Court received a supplemental brief submitted by Solano-Arias in support of his 2255 motion.

However, as of today – 111 days after this Court's September 23, 2025 order – Solano-Arias has not returned an executed Attorney-Client Privilege Waiver form, nor has he sought an extension of time to return the form. Accordingly, Solano-Arias's Section 2255 petition will be denied.

## **CONCLUSION**

For the reasons stated above, Solano-Arias's motion to vacate his sentence is denied. The Clerk of Court is directed to terminate the motion pending in 23 Cr. 275 (Dkt. No. 66) and to close the corresponding civil case (25 Civ. 7830).

Dated: New York, New York
January 12, 2026

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3